UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RADIO ONE, INC. and<br>INTERACTIVE ONE, LLC,<br><br>　　　　　　　　Defendants. | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**<br><br>Case No: 1:16-cv-7204-GHW |

Defendants RADIO ONE, INC. ("Radio One") and INTERACTIVE ONE, LLC ("IONE") (collectively "Defendants"), by and through counsel, answer the allegations in the Complaint as follows:

1.　　　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.　　　　Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.　　　　Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.　　　　Defendants admit that Plaintiff has asserted claims under the Copyright Act, 17 U.S.C. § 191 *et seq*. based on asserted copyright registrations.  Defendants deny the remaining allegations contained in paragraph 4 and footnote 1 of the Complaint.

5.　　　　The allegations contained in paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent that paragraph asserts other allegations of fact, they are denied.

6.　　　　IONE admits that its principal place of business is in New York State. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required.  To the extent that paragraph asserts other allegations of fact, they are denied.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 or footnote 2 of the Complaint.

13.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 or footnote 3 of the Complaint.

14.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 or footnote 4 of the Complaint.

15.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Radio One admits that it is a publicly-traded company and that the assets Radio One and/or its affiliates include digital media, cable television, and radio stations.  Radio One admits it owns numerous radio stations across numerous media markets.  Radio One admits that it generates advertising revenue.  Radio One denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     IONE admits that it is a digital media and content publisher that owns numerous websites that are accessed by users and that generate views.  Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit that IONE operates social media pages.  Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit that certain radio stations owned by Radio One are promoted on certain websites and social media pages operated by IONE.  Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendants admit that certain of IONE's radio station websites link to certain other IONE websites.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that IONE offers digital advertising and marketing services, including to businesses located in New York State.  Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit that IONE derives revenues from advertising.  Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit that IONE has derived revenues from user views and clicks. Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that IONE generates revenues from websites and social media pages.  Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendants admit that IONE's websites have user traffic.  Defendants admit that IONE's websites have derived revenues from advertising and marketing services related to user traffic.  Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants admit that Radio One and/or its affiliates generate revenues relating to IONE's websites and social media pages.  Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

33.     Defendants admit that IONE has employees.  Defendants admit that certain IONE employees are involved, among other things, in selecting content for IONE's websites and social media pages.  Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit that IONE has employees.  Defendants admit that certain IONE employees are involved in, among other things, selecting content for IONE's websites and social media pages.  Defendants admit that IONE has derived revenues from its websites and social media pages relating to, among other things, user traffic.  Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit that revenues are generated from websites and social media pages operated by IONE.  Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendants admit that at least some of the websites listed on Exhibit 3 to the Complaint, as referenced in paragraph 37 of the Complaint, are owned or operated by IONE. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit that they have employees.  Defendants admit that certain of IONE's employees are involved in, among other things, content displayed on IONE websites. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants admit that IONE is an affiliate of Radio One.  Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 and footnote 5 of the Complaint.

43.     Defendants admit that the images contained in Exhibit 3 to the Complaint speak for themselves.  Defendants deny the remaining allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants admit that there are users of IONE's websites.  Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 and footnote 6 of the Complaint.

52.     Defendants admit that counsel for Plaintiff wrote a letter to Defendants dated April 21, 2016.  Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 and footnote 7 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 and footnote 8 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants repeat and reallege their responses to the allegations of the Complaint as if set forth in full herein.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants repeat and reallege their responses to the allegations of the Complaint as if set forth in full herein.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants repeat and reallege their responses to the allegations of the Complaint as if set forth in full herein.

77.     Defendants admit that they have employees.  Defendants deny the remaining allegations contained in paragraph 77 of the Complaint.

78.     Defendants admit that they have employees.  Defendants deny the remaining allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

83.     The Complaint and each and every purported claim for relief therein fails to state facts sufficient to constitute any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(No Copyright Infringement)**

84.     The Complaint and each and every purported claim for relief therein is barred (in whole or in part) because Defendants have not infringed and are not liable for the infringement of the purported copyrights that Plaintiff asserts in this action.

### THIRD AFFIRMATIVE DEFENSE
**(Invalid Copyright)**

85.     Defendants are informed and believe, and on that basis allege, that the Complaint and each and every purported claim for relief therein is barred (in whole or in part) because the purported copyrights that Plaintiff asserts in this action are invalid, void, or unenforceable. Among other things, a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

(a)     the registrations for the purported copyrights are premised upon material that is not original or not protectable;

(b)     the registrations for the purported copyrights are premised upon material originally developed by persons or entities other than Plaintiff; or

(c)      the registrations for the purported copyrights are premised upon material

in the public domain.

## FOURTH AFFIRMATIVE DEFENSE
### (Fraud)

86.      Defendants are informed and believe, and on that basis allege, that the Complaint,

and each and every purported claim for relief therein, is barred (in whole or in part) by Plaintiff's

fraud or deception in the copyright registration process for which a reasonable opportunity for

investigation or discovery is likely to provide evidentiary support.

## FIFTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

87.      Defendants are informed and believe, and on that basis allege, that the Complaint

and each and every purported claim for relief therein, is barred (in whole or in part) by Plaintiff's

misuse of the purported copyrights for which a reasonable opportunity for investigation or

discovery is likely to provide evidentiary support.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

88.      Defendants are informed and believe, and on that basis allege, that the Complaint

and each and every purported claim for relief therein, is barred (in whole or in part) because

Plaintiff failed to properly mark its alleged copyrighted materials and to give Defendants proper

notice of its claimed copyrights for which a reasonable opportunity for investigation or discovery

is likely to provide evidentiary support.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel and Waiver)

89.      Defendants are informed and believe, and on that basis allege, that the Complaint

and each and every purported claim for relief therein, is barred (in whole or in part) by the

doctrines of acquiescence, estoppel, or waiver for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

90.     Defendants are informed and believe, and on that basis allege, that the Complaint, and each and every purported claim for relief therein, is barred (in whole or in part) by the doctrine of laches, among other things, because Plaintiff has unreasonably delayed in bringing this action and by failing to exercise reasonable diligence, and this delay has prejudiced Defendants for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## NINTH AFFIRMATIVE DEFENSE
### (Express or Implied License)

91.     Defendants are informed and believe, and on that basis allege, that the Complaint and each and every purported claim for relief therein, is barred (in whole or in part) because Plaintiff, either expressly or through its conduct, statements, actions, or omissions, granted Defendants or non-parties to this action a license to hold, use, reproduce, distribute, or sell the materials, works, designs, or products against which Plaintiff asserts its purported copyrights in this action for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

92.     Defendants are informed and believe, and on that basis allege, that the Complaint and each and every purported claim for relief therein, is barred (in whole or in part) because of Plaintiff's unclean hands for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

93.    The Complaint, and each and every purported claim for relief therein, is barred (in whole or in part) by the applicable statute of limitations and, among other things, Plaintiff is barred from seeking recovery for any of Defendants' alleged infringement occurring more than three years before the filing of the Complaint, under Section 507 of Title 17 of the United States Code.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Damages)

94.    Defendants are informed and believe, and on that basis allege, that the Complaint and each and every purported claim for relief therein, is barred (in whole or in part) because Plaintiff has sustained no loss or damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

95.    If Plaintiff suffered any damages, which Defendants deny, Defendants are informed and believe, and on that basis allege, that Plaintiff's damages were not proximately caused by any acts or omissions (wrongful or otherwise) of Defendants for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Negligence)

96.    If Plaintiff suffered any damages, which Defendants deny, Defendants are informed and believe, and on that basis allege, that individuals or entities other than Plaintiff were careless and negligent in and about the matters alleged in the Complaint and that this carelessness and negligence proximately contributed to or caused any purported damages to

Plaintiff for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support; and should Plaintiff recovery any damages, Defendants are entitled to have the damages reduced or eliminated to the extent that third parties contributed to or caused the damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

97.     If Plaintiff suffered any damages, which Defendants deny, Defendants are informed and believe, and on that basis allege, that Plaintiff failed to discharge his duty to mitigate damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

98.     If Plaintiff suffered any damages, which Defendants deny, Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights or cause damage to Plaintiff, and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Plaintiff should be reduced accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Statutory Damages)

99.     The Complaint and each and every purported claim for relief therein fails to state facts sufficient to permit recovery of statutory damages against Defendants and, therefore, no such award should be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

100.    The Complaint and each and every purported claim for relief therein fails to state facts sufficient to permit recovery of attorneys' fees against Defendants and, therefore, no such award should be granted.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Standing or Legal Capacity)

101.    Defendants assert that Plaintiff may lack standing or legal capacity to assert claims for copyright infringement for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Consent)

102.    Upon information and belief, Plaintiff's claims are barred and recovery is barred or limited by the doctrine of consent in that Plaintiff consent to the acts he now complains of for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Fair Use)

103.    Defendants are informed and believe, and on that basis allege, that the Complaint and each and every purported claim for relief therein, is barred (in whole or in part) based on the doctrine of fair use.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Additional Defenses)

104.    As Defendants lack sufficient knowledge or information to form a belief as to whether they may have additional separate or affirmative defenses not stated in this Answer to

the Complaint, Defendants reserve the right to assert additional separate or affirmative defenses based on further discovery, investigation, or analysis.

## COUNTERCLAIM
### (Attorneys' Fees)

## PARTIES

105.    Defendant/Counterclaimant Radio One, Inc. is a Delaware Corporation with a principal place of business at 1010 Wayne Avenue, 14th Floor, Silver Spring, Maryland 20910.

106.    Defendant/Counterclaimant Interactive One, LLC is a Delaware limited liability company with a principal place of business at 850 3rd Avenue, 3rd Floor, New York, New York 10022.

107.    Plaintiff/Counterclaim-Defendant Eric Johnson has asserted that he is a citizen of the State of New York, County of New York, with his principal place of business at 472 9th Avenue, Apt. #3, New York, New York 10018.

## JURISDICTION AND VENUE

108.    This Court has subject matter jurisdiction over this counterclaim pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

109.    This Court has personal jurisdiction over Plaintiff/Counterclaim-Defendant.

110.    Venue is proper under 28 U.S.C. § 1391(b)(1).

## AWARD OF COSTS AND ATTORNEYS' FEES

111.    Plaintiff/Counterclaim-Defendant filed a Complaint, dated September 15, 2016, asserting claims for relief under the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*

112.    Defendants/Counterclaimants assert that after adjudication of the claims brought by Plaintiff/Counterclaim-Defendant, either one or both of Defendants/Counterclaimants will prevail in this action.

113.     Pursuant to 17 U.S.C. § 505, if, after adjudication of Plaintiff/Counterclaim-Defendant's claims, either of Defendants/Counterclaimants is a prevailing party, that prevailing party Defendant/Counterclaimant, either one or both of them, will be entitled to an award of costs, including reasonable attorneys' fees, against Plaintiff/Counterclaim-Defendant in an amount to be determined by the Court.

WHEREFORE, Defendants demand judgment dismissing the Plaintiff's Complaint, awarding either or both of Defendants/Counterclaimants costs including attorneys' fees pursuant to 17 U.S.C. § 505; and awarding Defendants/Counterclaimants such other and further relief as the Court deems just and proper.

Dated:  November 1, 2016               LECLAIRRYAN, A Professional Corporation

By:     /s/ Andrew P. Zappia
          Andrew P. Zappia, Esq.
885 Third Avenue
Sixteenth Floor
New York, NY  10022
Tel.:  (212) 634-5080
Fax:  (212) 634-5096

70 Linden Oaks, Suite 210
Rochester, NY  14625
Tel.:  (585) 271-2102
Fax:  (585) 270-2179
Email:  Andrew.Zappia@leclairryan.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the1st day of November, 2016, the within
Answer with Affirmative Defenses and Counterclaim was electronically filed with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander R. Malbin, Esq.     amalbin@24iplg.com

Edmund J. Ferdinand, III, Esq.     jferdinand@24iplg.com


                                         s/ Andrew P. Zappia
                              _____