Alexander R. Malbin, Esq. (AM9385)
Edmund J. Ferdinand, III, Esq. (EF9885)
FERDINAND IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Telephone: (212) 520-4296
Fax: (203) 905-6747
Email: amalbin@24iplg.com
       jferdinand@24iplg.com

Attorneys for Plaintiff
ERIC JOHNSON

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ERIC JOHNSON,

                Plaintiff,

      - against -

INTERACTIVE ONE LLC,

                Defendant.

Civil Action No. 1:16-cv-7204

**AMENDED COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

### <u>AMENDED COMPLAINT</u>

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Amended Complaint against Interactive One LLC ("Defendant"), states and alleges as follows:

### <u>THE PARTIES</u>

1.      Plaintiff Eric Johnson is a citizen of the State of New York, County of New York, with his principal place of business at 472 9th Avenue, Apt. #3, New York, New York, 10018.

2.     Upon information and belief, Defendant Interactive One LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 850 3rd Avenue, 3rd Floor, New York, New York, 10022.

## JURISDICTION AND VENUE

3.     This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").  This action arises from Defendant's unauthorized and unlawful reproduction, distribution, and public display of seventeen copyrighted photographs owned by Plaintiff, and causing, inducing, and/or materially contributing to further unauthorized and unlawful use of such photographs, in willful infringement of Plaintiff's U.S. Copyright Registrations, Registration Nos. VA 1-910-544 and VA 1-929-530.[1]

4.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant because Defendant engages in continuous and systematic business activities in this District, and/or regularly solicits business in New York and derives substantial revenue from interstate commerce, and/or has purposely directed substantial activities at the residents of New York by means of the web sites and social media pages described herein and derives substantial revenue from interstate commerce.  This Court also has personal jurisdiction over Defendant because Defendant's principal place of business is in this State.

6.     Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events giving rise to the causes of

---

[1] Copies of the Certificates of Registration are attached hereto at Exhibit 1.

action alleged herein occurred in this Judicial District and the injury suffered by Plaintiff took place in this Judicial District.

## FACTUAL ALLEGATIONS

**A.     THE PLAINTIFF AND HIS COPYRIGHTED PHOTOGRAPHS**

7.      Plaintiff, Eric Johnson, is a successful, award-winning professional photographer and artist.  He is a citizen of the State of New York and resides in the Borough of Manhattan.

8.      A major focus of Plaintiff's work is photographic portraiture.  Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, celebrities, personalities, and everyday individuals for over thirty years.  His photographs have been published in countless books, magazines, newspapers and periodicals, used as cover artwork for music albums, and shown in gallery shows.

9.      Plaintiff has developed a pristine reputation over his career for his timeless creative vision, masterful instinct for lighting, angles, and perspective, and unfailing ability to put his subjects at ease in front of the camera, all of which has translated to his consistent production of photographic portraits of the highest caliber throughout his thirty-year career. Many of Plaintiff's more well-known portraits have become truly etched into the public consciousness, and have played an integral role in establishing the look and style of popular culture over the last thirty years.

10.     Plaintiff is the legal and beneficial owner of a vast number of his original photographs, certain of which he has licensed and/or sold, and many of which he has not licensed or sold and instead has maintained in his private personal archive since their creation.  Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

11.     In July 1995, Plaintiff shot a series of photographs of the recording artists Notorious B.I.G. and Faith Evans on commission for Vibe Magazine (the "BIG/Evans Photographs").[2]

12.     In June 2001, Plaintiff shot a series of photographic portraits of the recording artist and actress Aaliyah on commission for Entertainment Weekly Magazine (the "Aaliyah Photographs").[3]

13.     During his photo shoots with Notorious B.I.G. & Faith Evans and Aaliyah, Plaintiff utilized his talents, expertise, and creative vision to capture a number of intimate, timeless shots of the stars – including certain photographs that have come to define the enduring images of the late recording artists Notorious B.I.G. and Aaliyah among the public and their devoted fans.[4]

14.     Plaintiff offered to license the BIG/Evans Photographs to Vibe Magazine for distribution to the public in its print magazine on or about July 25, 1995.  Vibe Magazine thereafter licensed from Plaintiff the right to publish certain of the BIG/Evans Photographs in its print magazine.

15.     Plaintiff offered to license the Aaliyah Photographs to Entertainment Weekly Magazine for distribution to the public in its print magazine on or about June 7, 2011. Entertainment Weekly Magazine thereafter licensed from Plaintiff the right to publish certain of the Aaliyah Photographs in its print magazine.

---

[2] The certificate of copyright registration covering the BIG/Evans Photographs (U.S. Reg. No. VA 1-929-530), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.

[3] The certificate of copyright registration covering the Aaliyah Photographs (U.S. Reg. No. VA 1-910-554), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.

[4] Plaintiff's photographs of Aaliyah and Notorious B.I.G. & Faith Evans published on the Vibe Magazine covers attached hereto at Exhibit 2 have proven to be among the most iconic, enduring photographs of Notorious B.I.G. and Aaliyah.

16.     Plaintiff is and has been the sole owner of all copyright rights in all of the BIG/Evans Photographs and Aaliyah Photographs at all times since their creation.  None of the BIG/Evans Photographs or Aaliyah Photographs were produced as works-made-for-hire. Plaintiff has not assigned or otherwise transferred his copyrights in any of the BIG/Evans Photographs or Aaliyah Photographs to any other person or entity.

17.     Plaintiff has secured U.S. copyright registrations covering the BIG/Evans Photographs and Aaliyah Photographs, the certificates of registration for which are attached hereto at Exhibit 1.

**B.     THE DEFENDANT AND ITS BUSINESS OPERATIONS**

18.     Upon information and belief, Radio One, Inc. ("Radio One") is a publicly-traded cross-platform media and content corporation with holdings in digital media, cable television, and radio.  Upon information and belief, Radio One's business operations include the ownership and operation of fifty radio stations in 16 media markets across the United States.  Upon information and belief, Radio One is the fifth-largest terrestrial radio company in the United States, and generates over $400 million in advertising revenues annually.

19.     Upon information and belief, Defendant is a wholly-owned subsidiary of Radio One.

20.     Upon information and belief, Radio One has directed, controlled, ratified, participated in and/or been the moving force behind Defendant's activities infringing upon Plaintiff's copyright rights in the Photographs At Issue (as defined below) that are the subject matter of this action.

21.     Upon information and belief, Defendant is a digital media and content publisher and provider which owns and operates no fewer than eighty web sites, which are accessed by more than 7 million users and receive approximately 26 million unique views every month.

22.     Upon information and belief, as part of its business operations, Defendant also operates a number of social media pages on the social media platforms Twitter, Facebook, and Instagram.

23.     Upon information and belief, a number of web sites and social media pages operated by Defendant are promotional vehicles for the marketing and promotion of radio stations owned and operated by Radio One to the public throughout the United States, including to persons in the State of New York and this Judicial District.

24.     Upon information and belief, Defendant's radio station web sites link to other branded web sites operated by Defendant, thereby acting as user traffic sources for those other web sites.

25.     Upon information and belief, as part of its business operations, Defendant also offers and provides various businesses, including business in the State of New York and this Judicial District, with digital advertising, marketing, and distribution services.

26.     Upon information and belief, Defendant derives substantial revenues from advertising services offered on its web sites, including the sale of banner ad space and sponsorship advertisements distributed and displayed on its web sites.

27.     Upon information and belief, Defendant's advertising revenues from the sale of banner ad space and sponsorship advertisements on its web sites are determined on the basis on the number of user views and "clicks" of web pages on which such advertisements appear.

28.     Upon information and belief, Defendant receives substantial monetary benefits from its ownership and operation of its web sites and social media pages and its marketing and offering of advertising services therein.

29.     Upon information and belief, Radio One and Defendant utilize the significant user traffic of Defendant's web sites to promote their advertising and marketing services, by enticing interest from prospective advertisers with the prospect of such significant user traffic viewing advertisements displayed on those web sites, with the ultimate result of greater advertising revenues reaped by Radio One and Defendant.

30.     Upon information and belief, Radio One has directed, controlled, ratified, participated in and/or been the moving force behind Defendant's ownership and operation of its web sites and social media pages that serve as promotional vehicles for Radio One's radio stations.

31.     Upon information and belief, Radio One receives substantial monetary and promotional benefits from Defendant's ownership and operation of its web sites and social media pages promoting Radio One's radio stations.

32.     Upon information and belief, Defendant takes an active role in selecting content to appear on its web sites and social media pages by, *inter alia*, selecting, reproducing, publicly displaying, and distributing photographic images thereon, employing moderators, administrators, and editors ("Employees") who, within the scope of their employment, select and control content – including photographic images – to display on the web sites and social media pages, and directing, controlling, ratifying, and/or participating in such Employees' selection of content – including photographic images – to be reproduced, publicly displayed, and distributed on the web sites and social media pages.

33.     Upon information and belief, Defendant and/or Defendant's Employees deliberately select photographic images to reproduce, distribute, and publicly display on Defendant's web sites and social media pages with the intention of drawing user traffic to those web sites and social media pages and thereby realizing greater advertising revenues, greater promotion of Defendant's web sites, and a greater enticement to prospective advertisers who compensate Defendant to displays advertisements on those web sites.

34.     Upon information and belief, Defendant provides technological means on its web sites by which users – including users located in the State of New York and this Judicial District – can reproduce content displayed thereon, including photographic images, and distribute and publicly display such content on social media platforms including Twitter and Facebook.

35.     Upon information and belief, Radio One and Defendant profit and reap substantial promotional benefits from Defendant's ownership and operation of its web sites and social media pages and, specifically, from the reproduction, distribution, and public display of photographic images on such web sites and social media pages.

## C.     DEFENDANT'S INFRINGEMENTS OF PLAINTIFF'S PHOTOGRAPHS

36.     Upon information and belief, at all times relevant to this dispute, Defendant has owned and operated the web sites and social media pages located at each of the domains and web pages identified as "Domain[s]" at Exhibit 3 hereto (collectively, the "I-One Websites").

37.     Upon information and belief, at all times relevant, Defendant and/or Defendant's Employees have been responsible for all of the content – including, without limitation, all of the photographic images – reproduced, distributed, and publicly displayed on the I-One Websites.

38.     Upon information and belief, at all times relevant, Radio One has directed, controlled, ratified, participated in and/or been the moving force behind the decisions and acts of

Defendant and Defendant's Employees acting within the scope of their employment as to the reproduction, public display, and distribution of content – including, without limitation, photographic images – on the I-One Websites.

39.    Over a period beginning no later than March 23, 2015 and continuing to the present – including during the pendency of this litigation – Defendant and/or Defendant's Employees acting within the scope of their employment have willfully infringed and contributed to further infringements of Plaintiff's copyright rights in and to at least fifteen of the Aaliyah Photographs and at least two of the BIG/Evans Photographs reproducing, distributing, publicly displaying, and making available for further reproduction, distribution and public display, such photographs on the I-One Websites, at the web pages identified at Exhibit 3 hereto, all without valid license, permission, or authorization.  (These fifteen Aaliyah Photographs and two BIG/Evans Photographs are collectively referred to herein as the "Photographs At Issue," and are reproduced at Exhibit 4 hereto.)

40.    Upon information, belief, and due investigation, Defendant has engaged in no fewer than 248 individual and discrete infringing uses of the Photographs At Issue on web pages hosted on the I-One Websites, as set forth at Exhibit 3.

41.    Attached hereto at Exhibit 5 are true and correct copies of screen captures of select web pages hosted on the I-One Websites identified at Exhibit 3, showing infringing uses of each of the Photographs At Issue by Defendant.[5]  Each of the screen captures of the I-One

---

[5] Screen captures showing a representative example of an infringing use of each of the Photographs At Issue on the I-One Websites are attached hereto at Exhibit 5.  Because of the substantial number of infringements in this action, attaching screen captures of all such infringements to this complaint would require an unreasonably voluminous exhibit.  Accordingly, screen captures evidencing all of the infringements identified at Exhibit 3 – each of which evidence the reproduction, distribution, and public display of an exact reproduction of the Photographs At Issue on the I-One Websites – will be produced during discovery.

Websites attached at Exhibit 5 shows an exact reproduction of one of the Photographs At Issue attached at Exhibit 4.

42.     None of the uses of the Photographs At Issue on the I-One Websites identified at Exhibit 3 credit Plaintiff in any manner.

43.     Upon information, belief, and due investigation and inquiry, Defendant was not validly licensed, authorized, or given permission by Plaintiff or any authorized agent thereof to engage in any use of the Photographs At Issue on the I-One Websites identified at Exhibit 3.

44.     Upon information and belief, Defendant had no good-faith reason to believe that any of the uses of the Photographs At Issue on the I-One Websites identified at Exhibit 3 were licensed or authorized by Plaintiff, any authorized agent thereof, or the law at the times of commencement thereof.  Accordingly, Defendant knew or should have known that each of the uses of the Photographs At Issue on the I-One Websites identified at Exhibit 3 constituted copyright infringement at the times of commencement thereof.

45.     Upon information and belief, the infringing uses of the Photographs At Issue on the I-One Websites identified at Exhibit 3 were reproduced, distributed, and publicly displayed thereon by Defendant and/or Defendant's Employees acting within the scope of their employment.  None of the infringing uses of the Photographs At Issue identified at Exhibit 3 were reproduced, distributed, or publicly displayed on the I-One Websites at the direction of a "user" as defined under 17 U.S.C. § 512.

46      Upon information and belief, Defendant was aware and/or should have been aware that the Photographs At Issue are Plaintiff's original copyright-protected works.

47.     Upon information and belief, Defendant and/or Defendant's Employees purposely reproduced, distributed, and publicly displayed some or all of the Photographs At Issue on the I-

One Websites with knowledge of their renown among the public and the devoted fans of Aaliyah and Notorious B.I.G., with the intention of attracting user traffic to the I-One Websites by their visibility thereon, thereby increasing advertising revenues and promotion of Defendant's and Defendant's parent company Radio One's services promoted thereon.

48.     Upon information and belief, technological means provided on the I-One Websites by Defendant have allowed users of the I-One Websites – including users located in the State of New York and this Judicial District – to engage in further unauthorized reproduction, distribution, and public display of the Photographs At Issue.  Upon information and belief, a substantial number of users of the I-One Websites have made use of such technological means to engage in unauthorized reproduction, distribution, and public display of the Photographs At Issue.

49.     Upon information and belief, Defendant has driven significant user traffic to the I-One Websites by the reproduction, distribution, and public display of the Photographs At Issue thereon.  The increased user traffic to the I-One Websites has led to the generation of substantial revenues and promotional benefits reaped by Defendant and Defendant's parent company Radio One, including, but not limited to, promotion of Radio One's radio stations and Defendant's branded web sites, advertising revenues from increased user traffic, views, and clicks, and a greater enticement to prospective advertisers to enter into advertising relationships with Defendant for the display of advertisements on the I-One Websites – all at the expense of Plaintiff and his copyright interests in the Photographs At Issue, and all directly attributable to Defendant's infringements of Plaintiff's copyrights.

50.     Upon information and belief, Defendant is a recidivist copyright infringer, having been sued for copyright infringement on the basis of unauthorized use of photographs on web

sites owned and operated by Defendant at least five times since 2011.[6]  Accordingly, Defendant

certainly knew, or should have known, that its unauthorized uses of the Photographs At Issue on

the I-One Websites constituted copyright infringement.

51.     Plaintiff's legal counsel notified Defendant of Plaintiff's rights in and to the

Photographs At Issue and Plaintiff's legal claims with respect to Defendant's unauthorized uses

thereof on the I-One Websites on or about April 21, 2016.

52.     Despite being put notice of Plaintiff's rights in and to the Photographs At Issue

and Plaintiff's claims with respect to Defendant's use thereof on or about April 21, 2016, many

infringing reproductions of the Photographs At Issue remained reproduced, distributed, and

publicly displayed on the I-One Websites and available for further reproduction, distribution, and

public display as of Plaintiff's September 15, 2016 filing of his initial Complaint.[7]

53.     Furthermore, Defendant and/or Defendant's Employees have commenced no

fewer than ten additional infringing uses of the Photographs At Issue on the I-One Websites

since Defendant was put on notice of Plaintiff's rights in and to the Photographs At Issue on or

about April 21, 2016, in blatant and brazen disregard for Plaintiff's copyright interests.[8]

54.     And, most recently, Defendant and/or Defendant's Employees commenced no

fewer than eight further additional infringing uses of the Photographs At Issue on the I-One

Websites on or about January 16, 2017 – months after Plaintiff filed this action and served

---

[6] *See Righthaven LLC v. Radio One, Inc. et. al.*, case no. 1:11-cv-00309-JLK (D. Colo.); *Marvix Photo Inc. v. Interactive One LLC et. al.*, case no. 2:12-cv-06308-SVW-JC (C.D. Cal.); *BWP Media USA Inc. v. Radio One, Inc. et. al.*, case no. 1:13-cv-08787-KMW (S.D.N.Y.); *Marvix Photographs LLC v. Interactive one LLC et. al.*, case no. 2:15-cv-02727-ODW-PJW (C.D. Cal.); *Chevrestt v. Interactive One, LLC*, case no. 1:16-cv-04390-ER (S.D.N.Y.).
[7] Attached hereto at Exhibit 6 are true and correct screen captures of select pages on the I-One Websites created on September 12, 2016, each showing an unauthorized reproduction of one of the Photographs At Issue publicly displayed on the I-One Websites on that date.
[8] Attached hereto at Exhibit 7 are true and correct screen captures of select pages on the I-One Websites created on September 12, 2016, each showing an unauthorized reproduction and public display of one of the Photographs At Issue.  Each of the screen captures attached at Exhibit 7 indicate that the content displayed thereon – including the unauthorized reproductions of the Photographs At Issue – were posted subsequent to Defendants being put on notice of Plaintiff's rights in and to the Photographs At Issue on or about April 21, 2016.

process upon Defendant, and months after Defendant responded to Plaintiff's initial complaint by filing an Answer denying all of Plaintiff's infringement allegations.[9]  It is thus apparent that, *even during the pendency of this litigation*, Defendant does not intend to voluntarily cease its infringing use of the Photographs At Issue.

55.     Upon information and belief, at all times material hereto, Defendant has had the means and ability to prevent and put a stop to the reproduction, distribution, and public display of Plaintiff's Photographs At Issue on and through the I-One Websites, and yet, despite having been put on notice of Plaintiff's rights in and to the Photographs At Issue, having been served with process by Plaintiff in this action, and having answered Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations, has failed to do so, and instead has commenced additional unauthorized uses of the Photographs At Issue on the I-One Websites and/or permitted its Employees to do so subsequent to being put on notice of Plaintiff's rights in and to the Photographs At Issue and during the pendency of this litigation.  Accordingly, Plaintiff requires this Court's intervention to put a full and complete stop to Defendant's continued willful infringements of his copyrights in and to the Photographs At Issue, and to vindicate his legal rights under the U.S. Copyright Act.

56.     Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the Photographs At Issue, and obtained the appropriate certificates of copyright registration, U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530 (attached hereto at Exhibit 1).

---

[9] Attached hereto at Exhibit 8 are true and correct screen captures of select pages on the I-One Websites created on February 7, 2016, each showing an unauthorized reproduction and public display of one of the Photographs At Issue.  Each of the screen captures attached at Exhibit 8 indicate that the content displayed thereon – including the unauthorized reproductions of the Photographs At Issue – were posted on January 16, 2017 – four months after Plaintiff's September 15, 2016 commencement of this action (D.I. No. 1), nearly four months after Plaintiff's September 19, 2016 service of process upon Defendant, (D.I. No. 14), and two and a half months after Defendant's November 1, 2016 filing of its Answer to Plaintiff's initial complaint, in which it denied all of Plaintiff's infringement allegations (D.I. No. 17).

57.     Upon information and belief, Defendant engaged in the infringing acts forming the basis of this Complaint knowingly of, and with reckless disregard for, Plaintiff's rights in the Photographs At Issue, and was aware and/or should have been aware that its infringing activities constitute infringements under the Copyright Laws of the United States.

58.     Upon information and belief, Defendant has engaged in its illicit reproduction, distribution and public display of Plaintiff's Photographs At Issue for the purpose of profiting and benefiting therefrom.

59.     As a result of Defendant's willful misconduct described herein, Plaintiff has been substantially harmed, including, but not limited to, loss of licensing fees, opportunities, sales, profits, and benefits, diminution of the value of his copyright rights in the Photographs At Issue, erosion of the marketing and licensing value of the Photographs At Issue, and injury to Plaintiff's goodwill and reputation, all in amounts to be determined at trial.

60.     Plaintiff has no adequate remedy at law.  Defendant's infringing acts as described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff.

## FIRST COUNT
### Direct Copyright Infringement

61.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

62.     At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to the Photographs At Issue.  The Photographs At Issue are original, creative works of Plaintiff's authorship and constitute copyrightable subject matter under the Copyright Act.

63.     Plaintiff has complied in all respects with the Copyright Act's prerequisites for a copyright infringement action, including obtaining certificates of copyright registration from the Copyright Office covering each of the Photographs At Issue (attached hereto at Exhibit 1).

64.     Upon information and belief, Defendant has not obtained valid license, authorization or permission to use any of the Photographs At Issue in any manner from Plaintiff or any authorized agent thereof, and Plaintiff has not assigned any of his exclusive rights in his copyrights in any of the Photographs At Issue to Defendant.

65.     Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C § 106, Defendant has improperly and illegally reproduced, distributed, and publicly displayed the Photographs At Issue on the I-One Websites, and has continued to do so subsequent to being put on notice of Plaintiff's rights in and to the Photographs At Issue, subsequent to being served with process in this action by Plaintiff, and subsequent to answering Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations.

66.     Defendant's uses of the Photographs At Issue on the I-One Websites described in this Amended Complaint violate Plaintiff's exclusive rights under the U.S. Copyright Act and constitute willful infringements of Plaintiff's copyrights in and to the Photographs At Issue.

67.     Upon information and belief, thousands of people throughout the United States have viewed infringing copies of the Photographs At Issue on the I-One Websites.

68.     Upon information and belief, Defendant had knowledge of the copyright infringements alleged herein, and knowingly and willfully carried out its infringing activities and continues to do so subsequent to being put on notice of Plaintiff's rights in and to the Photographs At Issue, subsequent to being served with process in this action by Plaintiff, and

subsequent to answering Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations.

69.     As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## SECOND COUNT
## Inducement of Copyright Infringement

70.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

71.     Individuals who access the I-One Websites that Defendant owns, operates, distributes, and promotes, have been provided by Defendant with technological means to directly infringe, and have directly infringed, Plaintiff's copyrights in the Photographs At Issue, by creating, distributing, and publicly displaying unauthorized reproductions thereof on social media platforms including Facebook and Twitter.

72.     By providing such technological means on the I-One Websites, Defendant has induced, caused, and/or materially contributed to infringements of the Photographs At Issue by users of the I-One Websites.

73.     Upon information and belief, Defendant has provided such technological means for users of the I-One Websites to engage in infringing reproduction, distribution, and public display of the Photographs At Issue with knowledge of the infringing nature of such activities.

74.     Defendant's infringing activities have been willful, intentional, purposeful, and in complete disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

75.     As a direct and proximate result of Defendant's infringing activities, Plaintiff has been substantially harmed in an amount to be proven at trial.

## THIRD COUNT
## Vicarious Copyright Infringement

76.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

77.     Upon information and belief, at all times relevant, Defendant has had the legal right and practicable ability to supervise, control, limit, and stop its Employees from engaging in the infringing reproductions, distributions, and public displays of the Photographs At Issue on the I-One Websites described in this Amended Complaint, and yet Defendant has declined and continues to decline to exercise such right and ability, including subsequent to being put on notice of Plaintiff's rights in and to the Photographs At Issue, subsequent to being served with process in this action by Plaintiff, and subsequent to answering Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations.

78.     Upon information and belief, at all times relevant, Defendant has had the practicable ability to supervise, control, limit, and stop the infringing activities of its Employees during their process of reproducing, distributing, and publicly displaying photographic images on the I-One Websites to ensure that such activities did not involve infringement of Plaintiff's copyrights in and to the Photographs At Issue, and yet have permitted and continue to permit such employees to engage in unauthorized reproduction, distribution, and public display of the Photographs At Issue on the I-One Websites – including subsequent to Defendant being put on notice of Plaintiff's rights in the Photographs At Issue, subsequent to Defendant being served with process in this action by Plaintiff, and subsequent to Defendant answering Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations.

79.     Upon information and belief, as a direct and proximate result of Defendant's failure and/or refusal to exercise its right to stop or limit its Employees' infringements of the

Photographs At Issue on the I-One Websites – including subsequent to Defendant being put on notice of Plaintiff's rights in the Photographs At Issue, subsequent to Defendant being served with process in this action by Plaintiff, and subsequent to Defendant answering Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations – Defendant's Employees have infringed and continue to infringe upon Plaintiff's Photographs At Issue, as evidenced by, *inter alia*, the screen captures of the I-One Websites attached hereto at Exhibit 7 which evidence the reproduction, distribution, and public display of exact reproductions of the Photographs At Issue on the I-One Websites, and which indicate that such infringing uses of the Photographs At Issue on the I-One Websites commenced subsequent to Plaintiff's counsel placing Defendants on notice of Plaintiff's rights in and to the Photographs At Issue on or about April 21, 2016, and the screen captures of the I-One Websites attached hereto at Exhibit 8 which evidence the reproduction, distribution, and public display of exact reproductions of the Photographs At Issue on the I-One Websites, and which indicate that such infringing uses of the Photographs At Issue on the I-One Websites commenced on January 16, 2016, several months following Plaintiff's commencement of this action on September 15, 2016, Plaintiff's service of process upon Defendant on September 19, 2016, and Defendant's filing of its Answer to Plaintiff's initial complaint on November 1, 2016 .

80.     Upon information and belief, as a direct and proximate result of Defendant's failure and/or refusal to exercise their right to stop or limit its Employees' infringements of the Photographs At Issue on the I-One Websites, Defendant's Employees have engaged and continued to engage in infringing uses of the Photographs At Issue on the I-One Websites, which, in turn, has resulted in greater user traffic to the I-One Websites generating significant profits and benefits for Defendant and Defendant's parent company Radio One directly

attributable to the infringing conduct of Defendant's Employees including, *inter alia*, promotion of Radio One's radio stations and Defendant's branded web sites, increase in advertising revenues, and a greater enticement to prospective advertisers to enter into advertising relationships with Defendant for the display of advertisements on the I-One Websites.

81.     Defendant's refusal to exercise its right to stop or limit its Employees' infringements of the Photographs At Issue on the I-One Websites – including subsequent to Defendant being put on notice of Plaintiff's rights in the Photographs At Issue, subsequent to Defendant being served with process in this action by Plaintiff, and subsequent to Defendant answering Plaintiff's initial complaint by denying all of Plaintiff's infringement allegations – has been willful, intentional, purposeful, and in complete disregard for Plaintiff's rights in and to the Photographs At Issue.

82.     As a direct and proximate result of Defendant's failure and/or refusal to exercise their right to stop or limit its Employees' infringements of the Photographs At Issue on the I-One Websites, Plaintiff has been substantially harmed in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

Finding that Defendant has directly infringed, induced others to infringe, and vicariously infringed, Plaintiff's U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530 in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*, and awarding Plaintiff monetary and injunctive relief as follows:

a.    All damages sustained by Plaintiff in consequence of the infringements of
Plaintiff's rights in the Photographs At Issue committed by Defendant and/or by
persons induced to engage in such infringements by Defendant and/or by
Defendant's Employees with respect to whom Defendant failed and/or refused to
exercise their legal right and practicable ability to stop or limit such
infringements, as well as all gains, profits, and advantages realized by Defendant
from said infringements, in amounts to be proven at trial and all increased to the
maximum extent permitted by law; or in the alternative, at Plaintiff's election
prior to entry of final judgment, statutory damages pursuant to 17 U.S.C. § 504(c),
increased to the maximum extent permitted by law;

b.    A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant as well
as its agents, servants, employees, representatives, parent companies, subsidiaries,
successors and assigns, as well as all persons, firms, and corporations in active
concert or participation with any of them, from directly or indirectly infringing
Plaintiff's U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530 in any
manner;

c.    Plaintiff's reasonable attorneys' fees in this action pursuant to 17 U.S.C. § 505;

d.    Plaintiff's costs in this action; and,

e.    Such other and further relief that the Court determines is just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all counts so triable.

Dated: February 14, 2017                    Respectfully submitted,

_____

Alexander Malbin, Esq. (AM 9385)
Edmund J. Ferdinand, III, Esq. (EF9885)
FERDINAND IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Telephone: (212) 520-4296
Fax: (203) 905-6747
Email: amalbin@24iplg.com
          jferdinand@24iplg.com

Attorneys for Plaintiff
ERIC JOHNSON

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 14, 2017, the foregoing AMENDED COMPLAINT was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

___/s/ Alexander Malbin_____<br>Alexander R. Malbin