UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC JOHNSON,

                    Plaintiff,

v.

INTERACTIVE ONE, LLC,

                    Defendant.

**ANSWER TO AMENDED
COMPLAINT AND AFFIRMATIVE
DEFENSES**

Case No: 1:16-cv-7204-GHW

---

Defendant INTERACTIVE ONE, LLC ("IONE" or "Defendant"), by and through

counsel, answers the allegations in the Amended Complaint as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Amended

Complaint.

3.      Defendant admits that Plaintiff has asserted claims under the Copyright Act, 17

U.S.C. § 101 *et seq*. based on asserted copyright registrations.  Defendant denies the remaining

allegations contained in paragraph 3 and footnote 1 of the Amended Complaint.

4.      The allegations contained in paragraph 4 of the Amended Complaint state a legal

conclusion to which no response is required.  To the extent that paragraph asserts other

allegations of fact, they are denied.

5.      Defendant admits that IONE's principal place of business is in New York State.

Defendant denies the remaining allegations contained in paragraph 5 of the Amended Complaint.

19964151

6.      The allegations contained in paragraph 6 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that paragraph asserts other allegations of fact, they are denied.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 or footnote 2 of the Amended Complaint.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 or footnote 3 of the Amended Complaint.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 or footnote 4 of the Amended Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendant admits that Radio One is a publicly-traded company and that the assets Radio One and/or its affiliates include digital media, cable television, and radio stations. Defendant admits that Radio One owns radio stations across several media markets.  Defendant admits that Radio One generates advertising revenue.  Defendant denies the remaining allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendant admits that it is a digital media and content publisher that owns websites that are accessed by users and that generate views.  Defendant denies the remaining allegations contained in paragraph 21 of the Amended Complaint.

22.     Defendant admits that it operates social media pages.  Defendant denies the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendant admits that certain radio stations owned by Radio One are promoted on certain websites and social media pages operated by IONE.  Defendant denies the remaining allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant admits that certain of IONE's radio station websites link to certain other IONE websites.  Defendant denies the remaining allegations contained in paragraph 24 of the Amended Complaint.

25.     Defendant admits that IONE offers digital advertising and marketing services, including to businesses located in New York State.  Defendant denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendant admits that IONE derives revenues from advertising.  Defendant denies the remaining allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant admits that IONE has derived revenues from user views and clicks. Defendant denies the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendant admits that IONE generates revenues from websites and social media pages.  Defendant denies the remaining allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendant admits that IONE's websites have user traffic.  Defendant admits that IONE's websites have derived revenues from advertising and marketing services related to user traffic.  Defendant denies the remaining allegations contained in paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31.     Defendant admits that Radio One and/or its affiliates generate revenues relating to IONE's websites and social media pages.  Defendant denies the remaining allegations contained in paragraph 31 of the Amended Complaint.

32.     Defendant admits that IONE has employees.  Defendant admits that certain IONE employees are involved, among other things, in selecting content for IONE's websites and social

media pages.  Defendant denies the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.     Defendant admits that IONE has employees.  Defendant admits that certain IONE employees are involved in, among other things, selecting content for IONE's websites and social media pages.  Defendant admits that IONE has derived revenues from its websites and social media pages relating to, among other things, user traffic.  Defendant denies the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendant admits that revenues are generated from websites and social media pages operated by IONE.  Defendant denies the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.     Defendant admits that at least some of the websites listed on Exhibit 3 to the Amended Complaint, as referenced in paragraph 36 of the Amended Complaint, are owned or operated by IONE.  Defendant denies the remaining allegations contained in paragraph 36 of the Amended Complaint.

37.     Defendant admits that it has employees.  Defendant admits that certain of IONE's employees are involved in, among other things, content displayed on IONE websites.  Defendant denies the remaining allegations contained in paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in paragraph 41 and footnote 5 of the Amended Complaint.

42.     Defendant admits that the images contained in Exhibit 3 to the Amended Complaint speak for themselves.  Defendant denies the remaining allegations contained in paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48.     Defendant admits that there are users of IONE's websites.  Defendant denies the remaining allegations contained in paragraph 48 of the Amended Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations contained in paragraph 50 and footnote 6 of the Amended Complaint.

51.     Defendant admits that counsel for Plaintiff wrote a letter to Defendant dated April 21, 2016.  Defendant denies the remaining allegations contained in paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations contained in paragraph 52 and footnote 7 of the Amended Complaint.

53.     Defendant denies the allegations contained in paragraph 53 and footnote 8 of the Amended Complaint.

54.     Defendant denies the allegations contained in paragraph 54 and footnote 9 of the Amended Complaint.

55.     Defendant admits that it manages the IONE web sites.  Defendant denies the remaining allegations contained in paragraph 55 of the Amended Complaint.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

61.     Defendant repeats and realleges its responses to the allegations of the Amended Complaint as if set forth in full herein.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Amended Complaint.

70.     Defendant repeats and realleges its responses to the allegations of the Amended Complaint as if set forth in full herein.

71.     Defendant denies the allegations contained in paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

76.     Defendant repeats and realleges its responses to the allegations of the Amended Complaint as if set forth in full herein.

77.     Defendant admits that it has employees.  Defendant denies the remaining allegations contained in paragraph 77 of the Amended Complaint.

78.     Defendant admits that it has employees.  Defendant denies the remaining allegations contained in paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of the Amended Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Amended Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

83.     The Amended Complaint and each and every purported claim for relief therein fails to state facts sufficient to constitute any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(No Copyright Infringement)**

84.     The Amended Complaint and each and every purported claim for relief therein is barred (in whole or in part) because Defendant has not infringed and is not liable for the infringement of the purported copyrights that Plaintiff asserts in this action.

### THIRD AFFIRMATIVE DEFENSE
**(Invalid Copyright)**

85.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and each and every purported claim for relief therein is barred (in whole or in part) because the purported copyrights that Plaintiff asserts in this action may be invalid, void, or unenforceable.  Among other things, a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

(a)     the registrations for the purported copyrights are premised upon material that is not original or not protectable;

(b)     the registrations for the purported copyrights are premised upon material originally developed by persons or entities other than Plaintiff; or

(c)     the registrations for the purported copyrights are premised upon material in the public domain.

## FOURTH AFFIRMATIVE DEFENSE
**(Copyright Misuse)**

86.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and each and every purported claim for relief therein, is barred (in whole or in part) by Plaintiff's misuse or potential misuse of the purported copyrights for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mark)**

87.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and each and every purported claim for relief therein, is barred (in whole or in part) because Plaintiff failed or may have failed to properly mark its alleged copyrighted materials and to give Defendant proper notice of its claimed copyrights for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SIXTH AFFIRMATIVE DEFENSE
**(Acquiescence, Estoppel and Waiver)**

88.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and each and every purported claim for relief therein, is barred (in whole or in part) by the doctrines of acquiescence, estoppel, or waiver for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SEVENTH AFFIRMATIVE DEFENSE
**(Laches)**

89.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint, and each and every purported claim for relief therein, is barred (in whole or in part) by the doctrine of laches, among other things, because Plaintiff has unreasonably delayed in bringing this action and by failing to exercise reasonable diligence, and this delay has prejudiced

Defendant for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## EIGHTH AFFIRMATIVE DEFENSE
### (Express or Implied License)

90.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and claims for relief therein, is barred or may be barred (in whole or in part) because Plaintiff, either expressly or through its conduct, statements, actions, or omissions, granted Defendant or non-parties to this action a license to hold, use, reproduce, distribute, or sell the materials, works, designs, or products against which Plaintiff asserts its purported copyrights in this action for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

91.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and each and every purported claim for relief therein, is barred (in whole or in part) because of Plaintiff's unclean hands for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

92.     The Amended Complaint, and each and every purported claim for relief therein, is barred (in whole or in part) by the applicable statute of limitations and, among other things, Plaintiff is barred from seeking recovery for any of Defendant's alleged infringement occurring more than three years before the filing of the Amended Complaint, under Section 507 of Title 17 of the United States Code.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Damages)**

93.     Defendant is informed and believes, and on that basis alleges, that the Amended Complaint and each and every purported claim for relief therein, fails (in whole or in part) because Plaintiff has sustained no loss or damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Causation)**

94.     If Plaintiff suffered any damages, which Defendant denies, Defendant is informed and believes, and on that basis alleges, that Plaintiff's damages were not proximately caused by any acts or omissions (wrongful or otherwise) of Defendant for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Negligence)**

95.     If Plaintiff suffered any damages, which Defendant denies, Defendant is informed and believes, and on that basis alleges, that individuals or entities other than Plaintiff were careless and negligent in and about the matters alleged in the Amended Complaint and that this carelessness and negligence proximately contributed to or caused any purported damages to Plaintiff for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support; and should Plaintiff recover any damages, Defendant is entitled to have the damages reduced or eliminated to the extent that third parties contributed to or caused the damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

96.     If Plaintiff suffered any damages, which Defendant denies, Defendant is informed and believes, and on that basis alleges, that Plaintiff failed to discharge his duty to mitigate damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

97.     If Plaintiff suffered any damages, which Defendant denies, Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights or cause damage to Plaintiff, and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Plaintiff should be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Statutory Damages)

98.     The Amended Complaint and each and every purported claim for relief therein fails to state facts or may fail to state facts sufficient to permit recovery of statutory damages against Defendant and, therefore, no such award should be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

99.     The Amended Complaint and each and every purported claim for relief therein fails to state facts sufficient to permit recovery of attorneys' fees against Defendant and, therefore, no such award should be granted.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(No Standing or Legal Capacity)**

100.    Defendant asserts that Plaintiff may lack standing or legal capacity to assert

claims for copyright infringement for which a reasonable opportunity for investigation or

discovery is likely to provide evidentiary support.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

101.    Upon information and belief, Plaintiff's claims are barred and recovery is barred

or limited by the doctrine of consent in that Plaintiff consented to the acts he now complains of

for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary

support.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Fair Use)**

102.    Defendant is informed and believes, and on that basis alleges, that the Amended

Complaint and purported claims for relief therein, is or may be barred (in whole or in part) based

on the doctrine of fair use.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Additional Defenses)**

103.    As Defendant lacks sufficient knowledge or information to form a belief as to

whether they may have additional separate or affirmative defenses not stated in this Answer to

the Amended Complaint, Defendant reserves the right to assert additional separate or affirmative

defenses based on further discovery, investigation, or analysis.

104.    Further, Defendant is informed and believes, and on that basis alleges, that after

adjudication of Plaintiff's claims, Defendant will prevail in this action and, as a result, Defendant

will be entitled to attorneys' fees under, without limitation, the Federal Rules of Civil Procedure

and/or 17 U.S.C. § 505.  Defendant reserves the right to file a motion seeking such attorneys' fees.

WHEREFORE, Defendant demands judgment dismissing the Plaintiff's Amended Complaint, awarding Defendant costs including attorneys' fees pursuant to the Federal Rules of Civil Procedure and/or 17 U.S.C. § 505; and awarding Defendant such other and further relief as the Court deems just and proper.

Dated:  March 3, 2017                          LECLAIRRYAN, A Professional Corporation

                                               By:   /s/ Andrew P. Zappia
                                                     Andrew P. Zappia, Esq.
                                               885 Third Avenue
                                               Sixteenth Floor
                                               New York, NY  10022
                                               Tel.:  (212) 634-5080
                                               Fax:  (212) 634-5096

                                               70 Linden Oaks, Suite 210
                                               Rochester, NY  14625
                                               Tel.:  (585) 271-2102
                                               Fax:  (585) 270-2179
                                               Email:  Andrew.Zappia@leclairryan.com
                                               *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of March, 2017, the within Answer to Amended Complaint and Affirmative Defenses was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander R. Malbin, Esq.    amalbin@24iplg.com

Edmund J. Ferdinand, III, Esq.    jferdinand@24iplg.com

_/s/_ Andrew P. Zappia